IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ROB SHIPLEY, | CV 11-133-BLG-CSO |
| Plaintiff, | |
| vs. | ORDER |
| JOE WHELAN, | |
| Defendant. | |

Now pending before the Court are the following motions:

(1) Defendant Joe Whelan's[1] [Whelan] "Motion for Judgment on the Pleadings" (*Court Doc. 21*);

(2) Plaintiff Shipley's [Shipley] "Motion Seeking Lawful Fact That Any Law Firm Can Defend Any Re-Prosecution After an Acquittal; and Failing Such Legal Request, a Request of Court to Reprimand Defense Counselor" (*Court Doc. 30*);

(3) Shipley's "Motion Requesting Defense Dutifully Explain Violation of Montana State Law, Article II, Section 25, Double Jeopardy" (*Court Doc. 31*);

(4) Shipley's "Motion Requesting Court Strongly Consider

---

[1] Defendant is variously referenced in the record as "Whelan" or "Whalen." The Court adopts the Defendant's spelling of his name.

1

> Evidence of Egregious Lawyer Misconduct; and Request Defense Counsel Make Full Disclosure Why It Can Oppose Anything Sought By the Amendment of Complaint and Request of Joinder" (*Court Doc. 32*); and

(5)  Whelan's "Motion to Strike" (*Court Doc. 37*).

For reasons discussed below, the Court will grant Whelan's Motion for Judgment on the Pleadings, and dismiss the case – rendering the other four motions moot.

## I.  BACKGROUND

The Court recited the procedural history and background in its Order dated March 28, 2012. *Court Doc. 28*. They will not be repeated except as necessary to explain this ruling.

On February 6, 2012, Shipley moved to amend his complaint. The Court denied that motion, but gave Shipley until April 11, 2012, to file a new motion that complied with the rules as explained in the Order. *Court Docs. 28 and 29.* Shipley has not filed a renewed motion to amend his complaint, and the time for doing so has elapsed. Under these circumstances, as indicated in the prior Order (*Court Doc. 28 at 11-12),* the Court will proceed to consider Whelan's Motion for Judgment on the Pleadings.

## II.     PARTIES' ARGUMENTS

In his Motion for Judgment on the Pleadings, Whelan argues that he is entitled to qualified immunity. *Court Doc. 22* at 12-14. He argues that even if all the facts alleged in Shipley's original complaint are taken as true, Shipley fails to allege a violation of clearly established rights. *Id.* at 13. Although Shipley alleges violations of his due process rights, as well as his rights to liberty and property, Whelan argues that none of his alleged actions violated these rights. *Id.* at 13-14; *Court Doc. 26* at 2-4.

Instead, Whelan argues that the eviction and demolition were carried out by Burlington Northern and Santa Fe Railway [BNSF], while the prosecutions were handled by the Miles City city attorney. *Court Doc. 22* at 14; *Court Doc. 26* at 2-4. Thus, Whelan argues, none of his alleged actions deprived Shipley of his due process, liberty, or property rights and he is entitled to a favorable judgment on the pleadings. *Court Doc. 22* at 13-15.

In his various filings, Shipley reiterates his belief that Whelan has violated his rights. *See Court Docs. 23, 24, 30, 31, 32, 33,* and *35.* But Shipley cites no relevant authority in any of these filings and does not

otherwise substantively address Whelan's argument that he is entitled to qualified immunity.

### III.     LEGAL STANDARD

Fed. R. Civ. P. 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  A motion under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion and the same standard of review applies.  *U.S. ex rel. Cafasso v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1055 n.4. (9th Cir. 2011).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter… to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When considering a motion for judgment on the pleadings, the Court must accept as true the fact allegations of the non-moving party – here Shipley.  *Austad v. U.S.,* 386 F.2d 147, 149 (9th Cir 1967).  Where the fact allegations of the moving party – here Whelan – have been denied, they are taken as false.  *Id.* (*citing Wyman v. Wyman*, 109 F.2d 473, 474 (9th Cir. 1940)).  However, "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949 (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Thus, the motion can be granted only when there is no issue of material fact and the movant is entitled to prevail as a matter of law. *See also Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009).

IV.    **ANALYSIS**

    A.    **The Parties' Allegations**

Whelan notes that Shipley's Complaint basically makes four fact allegations against Whelan:[2]

1) that Whelan ordered Miles City Police Officers to cite Shipley for the condition of Shipley's property after he had already been acquitted of public nuisance (*Court Doc. 1-2* at 1);

2) that Whelan testified against Shipley at a bench trial on September 21, 2009 (*Court Doc. 1-2* at 2);

---

[2] Whelan does not provide citations to Shipley's Complaint to support these assertions. The Court has added citations to those portions of the Complaint to which it believes Whelan is referring.

    3)    that Whelan informed Shipley, when they met on the street, that Shipley's property was in violation of public nuisance laws (*Court Doc. 1-2* at 3); and

    4)    that Whelan communicated with BNSF and its representatives regarding Shipley's eviction (*Court Doc. 1-2* at 3-5).

*Court Doc. 22* at 13.  In addition to these four, the Court concludes that Shipley also contends:

    5)    that Whelan "coached two (2) Miles City Police officers, Prell and Steve Fenner, to appear to testify against me..." (*Court Doc. 1-2* at 2); and

    6)    that Whelan "conspired" with Miles City city attorney Noble "to gain this second conviction" for public nuisance (*Court Doc. 1-2* at 2).

As to the first fact allegation listed above, Whelan argues that "[o]rdering Miles City police officers to cite Mr. Shipley for a violation of the public nuisance law, while acting in his capacity as Mayor and under a good faith belief that the ordinance had been violated, is not a violation of Plaintiff's constitutional or statutory rights.  Mr. Shipley was later convicted under this statute."  *Court Doc. 26* at 3.  As to the second fact allegation listed above, Whelan argues that "[a]lthough Mayor Whelan contends he did not give any testimony against Plaintiff at the trial, even if this allegation were taken as true, that action

6

likewise is not a violation of Mr. Shipley's rights." *Id.* As to the third and fourth allegations, Whelan argues that "communicating with Plaintiff or BNSF regarding Plaintiff's violation of public nuisance laws and his eviction" is not a violation of Shipley's rights. *Id.* Whelan does not comment on Shipley's allegations that Whelan "conspired" with Noble or "coached" the two officers. *Court Doc. 1-2* at 2. Shipley offers no clarification of these allegations in any of his subsequent filings.

### B. Allegations (2), (3), and (4) Do Not State Cognizable Claims

The Court concludes that even if Whelan testified against Shipley at a bench trial as stated in allegation (2) above, that action would be protected by absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) (holding that absolute immunity for witnesses in judicial proceedings applied even in cases of alleged perjury by police officers).

The Court also concludes that fact allegations (3) and (4) listed above do not state cognizable claims against Whelan. Allegations that Whelan had discussions with Shipley on the street and with BNSF are insufficient to state a facially plausible claim for relief. *Iqbal,* 129 S.Ct. at 1949. Thus, factual allegations (2), (3), and (4) do not present

cognizable claims and do not meet the *Iqbal* standard sufficient to survive judgment on the pleadings.

The remaining factual allegations, however, require further analysis.

### C. Malicious Prosecution

The thrust of Shipley's remaining fact allegations is that Whelan inappropriately influenced the second prosecution against Shipley for public nuisance. *Court Doc. 1-2* at 1-2. Shipley alleges that Whelan "ordered" the citation, "coached" the police officer witnesses, and "conspired" with City Attorney Noble to bring about the prosecution. *Id.*
The Court must "construe [Shipley's *pro se*] complaint liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

Shipley generally alleges that Whelan "did… deny me my Constitutional guarantees of life, liberty, property, and the pursuit of happiness." *Court Doc. 1-2* at 1. Shipley alleges that Whelan did this by influencing the prosecution for public nuisance – as described in factual allegations (1), (5), and (6) above. *Id.* at 1-2. Thus, it appears to

the Court that Shipley's complaint, liberally construed, attempts to state a claim for violation of his civil rights under 42 U.S.C. § 1983 for malicious prosecution.

> The Ninth Circuit has explained that:
>
> In general, a claim of malicious prosecution is not cognizable under § 1983 if process is available within the state judicial system to provide a remedy. *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). Indeed, in most cases, malicious prosecution is a state-law cause of action not cognizable in a § 1983 suit. We have, however, enunciated an important exception to this rule: malicious prosecution constitutes a deprivation of liberty without due process of law—and is thus a federal constitutional tort—when it is "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz,* 773 F.2d at 1031. To prevail on a malicious prosecution cause of action in a § 1983 suit, Plaintiffs "must show that [Defendants] prosecuted [them] with malice and without probable cause, and that they did so for the purpose of denying [them] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995).

*Lacey v. Maricopa County*, 649 F.3d 1118, 1133 (9th Cir. 2011). Thus, Shipley's complaint must contain sufficient factual matter that allows the court to draw the reasonable inference that Whelan prosecuted Shipley with malice, without probable cause, and for the purpose of denying Shipley equal protection or another specific constitutional

right. *Iqbal,* 129 S.Ct. at 1949; *Lacey*, 649 F.3d at 1133. The Court concludes that it does not.

A lack of probable cause is an essential element of a malicious prosecution case made under §1983. *Lacey*, 649 F.3d at 1133; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Fact allegations that Whelan "ordered," "coached," or "conspired" are not sufficient to allow the Court to reasonably infer that Whelan prosecuted Shipley without probable cause. *Court Doc. 1-2* at 1-2; *Iqbal,* 129 S.Ct. at 1949; *Lacey*, 649 F.3d at 1133. Shipley was ultimately convicted of the public nuisance charge that he alleges Whelan influenced. *Court Doc. 26* at 3. This alone prevents a malicious prosecution claim. *See 1 Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses § 3018 (4th ed. 2004) (citing Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (holding that an individual "seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence"). Although a previous prosecution terminated in his favor, Shipley was convicted on the subsequent charge -- the one that forms the basis of his complaints here.

10

Shipley has also failed to allege facts that allow the Court to infer that Whelan prosecuted Shipley for the purpose of depriving him of a constitutional right. *Lacey*, 649 F.3d at 1133. Shipley does not allege any facts that indicate he was arrested or detained, or that allow the Court to reasonably infer that his Fourth Amendment rights were violated. *Court Doc. 1-2* at 1-2. Shipley states only that he was "re-cited" for public nuisance. *Id.* at 1. Shipley also does not allege any facts that allow the Court to reasonably infer a denial of equal protection or a violation of Shipley's Fourteenth Amendment rights. *Id* at 1-2. Shipley does not allege any facts that indicate any deprivation of a *specific* constitutional right. *Lacey*, 649 F.3d at 1133. Fact allegations that Whelan "ordered," "coached," or "conspired" are insufficient to allow the Court to reasonably infer that Whelan prosecuted Shipley "for the purpose of denying [Shipley] equal protection or any other specific constitutional right." *Court Doc. 1-2* at 1-2; *Iqbal,* 129 S.Ct. at 1949; *Lacey*, 649 F.3d at 1133.

Shipley summarily states that Whelan did "deny me of my constitutional guarantees of life, liberty, property, and the pursuit of happiness," but makes no fact allegations that support this conclusion.

The Court is not bound to accept such "legal conclusions" or "mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. Instead, the Complaint must have sufficient fact allegations to allow the Court to reasonably infer that Whelan prosecuted Shipley with malice and for the purpose of depriving him of a specific constitutional right. No such fact allegations appear in Shipley's complaint. Shipley does not specifically refer to any information that Whelan knowingly and falsely submitted to prosecutors. Absent such allegations, his claims fail. *See Crowe v. County of San Diego*, 608 F.3d 406, 432-33 (9th Cir. 2010).

### D. Qualified Immunity

Whelan also argue that he is entitled to qualified immunity. *Court Doc. 22* at 12. Shipley must therefore overcome Whelan's arguments of qualified immunity to survive judgment on the pleadings.

In § 1983 actions, the doctrine of qualified immunity "protects city officials from personal liability in their individual capacities for their official conduct so long as that conduct is objectively reasonable and does not violate clearly-established federal rights." *Community House, Inc. v. City of Boise, Idaho,* 623 F.3d 945 (9th Cir. 2010) (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Both the Ninth Circuit and the

U.S. Supreme Court have explained the necessity of the doctrine of qualified immunity:

> Qualified immunity is necessary to protect the public from unwarranted timidity on the part of public officials and to avoid dampening the ardour of all but the most resolute, or the most irresponsible.  True to these purposes, the qualified immunity standard gives ample room for mistaken judgments'. . .

*Id.* at 964-965 (*citing Richardson v. McKnight,* 521 U.S. 399, 408 (1997); *Hunter v. Bryant,* 502 U.S. 224, 229 (1991))(internal citations and quotations omitted).

To overcome the doctrine of qualified immunity, Shipley must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd,* 131 S.Ct. 2074, 2080 (2011).  A government official's conduct only "violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* at 2083 [internal citations and quotations omitted].

Although the doctrine does "not require a case directly on point... existing precedent must have placed the statutory or constitutional

question beyond debate." *Id.* at 2084. The Supreme Court has emphasized that courts must not define clearly established law "at a high level of generality." *Id.* [internal citations omitted]. The Court has explained that "[w]hen properly applied, [the doctrine of qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 2085 [internal quotations omitted].

As set forth above, Shipley's complaint does not allege sufficient facts, as opposed to his conclusions, to state a claim against Whelan. Accordingly, he does not overcome Whelan's qualified immunity.

As noted above, the Court offered Shipley ample opportunity to amend his complaint. *Court Doc. 28* at 11-12. The Court stated in its Order of March 28, 2012, that it would hold Whelan's Motion for Judgment on the Pleadings in abeyance and give Shipley two weeks – until April 11, 2012 – to file a renewed motion to amend. *Id.* The Court was explicit that "[i]f Shipley fails to file a renewed motion to amend... the Court will then rule on Whelan's Motion for Judgment on the Pleadings." *Id.*

The Court explained in its Order what should be contained in a motion to amend, and outlined relevant case law and rules for Shipley.

*Id.* at 8-11. Shipley has now had more than three weeks to comply. He has not asked for an extension of time and has filed other documents in the intervening time. *See Court Docs. 30, 31, 32, 33,* and *35.* The Court is therefore satisfied that Shipley had ample opportunity after the filing of Whelan's Motion to cure his complaint and failed to do so. For these reasons, Whelan's motion for judgment on the pleadings will be granted.

### V. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

(1) Whelan's Motion for Judgment on the Pleadings (*Court Doc. 21*) is GRANTED;

(2) All other pending motions (*Court Docs. 30, 31, 32,* and *37*) are dismissed as MOOT.

The Clerk of Court is directed to enter judgment accordingly.

DATED this 24th day of April, 2012.

                                             /S/ Carolyn S. Ostby
                                             United States Magistrate Judge